Ella Mae OLMSTEAD

v.

**COMMUNITY ACTION SERVICES OF MORGAN COUNTY, INC., et al.**

Civ. No. 3–80–97.

United States District Court,
E. D. Tennessee, N. D.

June 24, 1980.

Dorothy Stulberg, Oak Ridge, Tenn., for plaintiff.

Richard K. Harris, Asst. U. S. Atty., Jere R. Lee, Nashville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This is an action brought pursuant to Title 42 U.S.C. § 2921 et seq., commonly referred to as the Headstart-Follow Through Act.

Plaintiff says that she was promised employment in the Morgan County Headstart program by the Department of Health, Education and Welfare and by the Community Action Services of Morgan County (CASMC). Plaintiff also claims violations of her civil rights under 42 U.S.C. § 1983 and violations of the Tennessee Sunshine Act, Tenn.Code Ann. Sec. 8–4401 *et seq.*

It is the theory of the plaintiff that there was an oral contract between her and the state and federal defendants that she relied to her detriment on the promises of the agents of these defendants that she would be employed by them in the Headstart program in Morgan County; that the defendant Community Action Services of Morgan County violated her constitutional right to freedom of speech and association under 42 U.S.C. § 1983 in that her non-retention by CASMC, Inc. was due to her outspoken criticism of the administration of the Headstart program in Morgan County.

Defendants claim that plaintiff fails to show a valid contract with either of them;

that the statements allegedly made by defendants' representatives did not constitute a valid offer to contract, but even if they did the agents had no authority to bind the defendants; that the alleged contract must fail because of lack of consideration; that reliance upon the alleged statements was unreasonable and cannot serve as a substitute for consideration; that plaintiff is not entitled to reinstatement to her job with the Headstart organization; that the federal defendants have no statutory duty with respect to plaintiff's employment status since Headstart employees are not federal employees, and that the federal defendants lack the authority to directly effectuate the hiring or dismissal of a Headstart employee.

The issues, as formulated in the pre-trial order, are:

First, was there any contract between plaintiff and the defendants; and if so, was such contract breached?

Second, did the defendants violate plaintiff's constitutional rights of free speech and free association?

Third, did the defendants violate the Tennessee Sunshine Law, T.C.A. § 8–4401?

The Court, after hearing proof and argument of counsel, adopts the following findings of fact and conclusions of law:

1. Plaintiff was originally employed by the Mountain Valley Economic Opportunity Authority as a teacher's aide in the Headstart program in Morgan County.

2. Mountain Valley Economic Opportunity Authority transferred sponsorship of the Headstart program to the defendant, Community Action Services of Morgan County, in September, 1979.

3. Plaintiff and others were advised by the federal defendants that whenever there was a transfer of sponsorship the program was usually transferred intact.

4. After the transfer was made there was a reduction in staff and plaintiff was not rehired in the Morgan County Headstart program.

5. Defendants, Department of Health and Human Services, and the agents Jim Parker, Danny Osborne and William Sadler monitored Headstart programs for compliance with the federal statutes and regulations.

6. The federal defendants have no direct authority over plaintiff's employment status. Headstart employees are not federal employees, but rather employees of independent local agencies. Local Headstart officials make hiring decisions independently and do not consult with federal defendants for approval of persons to be hired. In personnel and other matters, the federal defendants can only monitor these independent local agencies for compliance with federal statutes and regulations. If a violation is found and there is no voluntary compliance by the local agencies, the only sanction available to the federal defendants is the suspension or termination of federal funds.

7. Plaintiff was not hired because of restructuring of the Headstart program in Morgan County due to increased expenses and reduction of funds. This restructuring required the elimination of seven positions. The Board of CASMC, Inc., again acting on the advice of Mr. Osborne of HEW, advertised for applications for all positions available. After preliminary screening was completed there remained seven candidates, including the plaintiff, for the four teacher's aide positions available. On November 8, 1979, each board member voted for four of the seven candidates, with the four receiving the most total votes being offered the position. The plaintiff finished fifth in the balloting and consequently was not offered employment.

8. The plaintiff has completely failed to substantiate her claim that she was not rehired because of her complaints against the management of the Headstart program. Other persons who had been outspoken in their complaints were rehired. There was no violation of Title 42 U.S.C. §§ 1985, 1981 or 1983.

9. The statements allegedly made by the defendants were not in the form of an offer of employment on behalf of either defendant and were not specifically directed toward any individual. There was no oral

contract entered into between plaintiff and either of the defendants.

10. All actions of which plaintiff complains were taken during public meetings of the CASMC Board. There was no violation of the Tennessee Sunshine Law.

### Conclusions of Law

In the opinion of the Court, plaintiff has failed to prove she is legally entitled to any remedy this Court can offer. As stated before, no contract of employment could have been formed on the basis of the vague, general statements of the defendants that the Morgan County Headstart Center staff would probably be transferred "intact." Such statements are not promises made to any individual but merely statements of opinion. Further, plaintiff has failed to prove any constitutional violations on the part of any defendant.

The Court is concerned, however, with the information found in Exhibits 1 and 4. The Department of HEW did not think the CASMC had followed proper procedures in failing to rehire the plaintiff and directed CASMC to either place her in an existing vacancy or else declare the position to which she applied vacant and begin the application process over again to hire the most qualified applicant. The record shows that there are no teacher's aide vacancies in which plaintiff can be placed. However, the record does not indicate whether the second option given to CASMC has been followed, or even if any of the parties have sought to pursue it. What these exhibits do show is that plaintiff evidently was not treated fairly by CASMC, but that the Department of HEW has done all it can do, short of withholding funds from CASMC, to rectify the situation. However, it is clear that enforcement of these HEW directives is solely up to the Department of Health and Human Services in its decision to fund CASMC or not. *See Griffith v. Bell-Whitley Community Action Agency*, 614 F.2d 1102 (6th Cir. 1980).

Accordingly, it is ORDERED that this case be, and the same hereby is, dismissed.

Order Accordingly.